**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re Maxim Integrated Products, Inc., Derivative Litigation | NO. C 06-03344 JW<br><br>**ORDER GRANTING *EX PARTE* APPLICATION AND JOINDER OF APPLICATION TO EXTEND TIME TO RESPOND TO THIRD AMENDED COMPLAINT** |

Presently before the Court is Defendants' *Ex Parte* Application to Extend Time to Respond to The Third Amended Complaint. (hereafter, "Application," Docket Item Nos. 191, 204.) Defendants request a continuance on their deadline for responding to the Third Amended Complaint, filed on September 19, 2008, until the latter of (a) the resolution of their Motion to Stay, filed September 25, 2008,[1] or (b) the resolution of the settlement-approval process underway in a related Delaware action.

Under Fed. R. Civ. P. 12(a), Defendants have until October 9, 2008 to file their Answers to the Third Amended Complaint. Under Fed. R. Civ. P. 6(b), the Court has the authority to, "for good cause," extend Defendants' time for filing their Answers.

---

[1] Defendant Maxim filed a motion to stay on September 25, 2008. (See Docket Item No. 199.) Individual Defendants John F. Gifford and Carl W. Jasper have since joined that motion. (See Docket Item Nos. 206, 209.) The remaining Individual Defendants have stated their intention to also file a motion to stay. (See Application at 1.) Defendant Maxim has also filed an interim motion to stay proceedings until the Court has ruled on the initial motion to stay. (See Docket Item No. 201.)

In a related derivative action pending in the Court of Chancery for the State of Delaware, the parties have reached a settlement and filed a stipulation of settlement for approval by the court. (See Michael J. Ioannou Letter and Attachments, hereafter, "Delaware Settlement Stipulation," Docket Item No. 187.) An approval hearing is set for November 24, 2008. (See Michael J. Ioannou Letter, Docket Item No. 188.) If the Delaware court approves the settlement, Defendants will move to dismiss this action because the settlement stipulation will purportedly constitute the full and final disposition of all claims related to any party that could have been named in this case, the Delaware Action, and the related California state actions. (See Delaware Settlement Stipulation ¶¶ 3.1, 1.14.)

Defendants contend that they should not be required to expend the resources necessary to respond to the Third Amended Complaint because approval of the settlement would moot their response. Defendants have also filed a motion to stay and an *ex parte* motion for an interim stay until a hearing is held on the motion to stay. (See Docket Item Nos. 199, 201.) Since no answers to the previous Complaints have been filed, and the Third Amended Complaint is over 151 pages, answering the Third Amended Complaint will require a substantial effort on the part of Defendants. In addition, because this is a derivative action, Maxim itself will bear a great deal of the cost of preparing the Individual Defendants' Answers.

The Court finds that good cause exists for extending Defendants' time to answer. However, Defendants' request that their time for filing be extended until the latter of the resolution of their motion to stay or the settlement proceedings in Delaware. This request seeks substantial delay before the Court has considered of the merits of Defendants' motion to stay. Accordingly, the Court finds the particular extension requested by the Defendants is unwarranted.

Plaintiffs contend that no extension should be granted because the preclusive effect, and therefore the mooting effect, of the Delaware settlement is speculative. (Plaintiffs' Opposition to Defendants' *Ex Parte* Application to Extend Time to Respond to Third Amended Complaint, hereafter, "Opposition," Docket Item No. 207.) According to Plaintiff, the Delaware action concerns only state law claims and the settlement does not provide consideration for Plaintiffs' Exchange Act claims brought here. (Opposition at 1-2.) These issues are more appropriately

addressed with Defendants' motion to stay. Further, Plaintiffs will not be prejudiced by a minor delay while the Court fully addresses the merits Defendants' motion to stay.

Accordingly, the Court GRANTS Defendants' *Ex Parte* Application to Extend Time to Respond to The Third Amended Complaint. Defendants shall file and serve their Answers, the earlier of (a) ten days after the resolution of the Defendants' pending Motion to Stay or (b) ten days after the resolution of the settlement-approval process underway in Delaware.

Dated: October 2, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christina Leigh Wu christinawu@quinnemanuel.com
Christopher William Johnstone chris.johnstone@lw.com
Darren Jay Robbins e_file_sd@csgrr.com
David Siegel dsiegel@irell.com
David Michael Friedman david.friedman@lw.com
Douglas Leavitt LEAVITT@DS-L.COM
Elizabeth B. Wydra elizabethwydra@quinnemanuel.com
Eric L. Zagar ezagar@sbtklaw.com
Garland Aycuff Kelley GKelley@irell.com
Heather Lynn Thompson heather.thompson@lw.com
John Charles Hueston jhueston@irell.com
John Mark Potter johnpotter@quinnemanuel.com
Jonathan Herschel Bornstein jonathan@bornsteinandbornstein.com
Lita Monique Verrier lverrier@rmkb.com
Michael J. Ioannou mioannou@rmkb.com
Monique C. Winkler e_file_sd@csgrr.com
Ofer Bleiweiss obleiweiss@irell.com
Patrick C. Doolittle patrickdoolittle@quinnemanuel.com
Rees Ferriter Morgan rees.morgan@lw.com
Risha Nickelle Jamison risha.jamison@lw.com
Scott Gregory Lawson scottlawson@quinnemanuel.com
Shaunt Toros Arevian sarevian@irell.com
Shawn A. Williams shawnw@csgrr.com
Steven Bauer steve.bauer@lw.com
Susan Germer susangermer@quinnemanuel.com
Travis E. Downs travisd@csgrr.com

Dated: October 2, 2008                     Richard W. Wieking, Clerk

                                           By:    /s/ JW Chambers
                                                  Elizabeth Garcia
                                                  Courtroom Deputy